PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDWIN CASTRO, RANDY MEJIA, DEVIN VICTORINO,

                              Plaintiffs,

              -against-

THE CITY OF NEW YORK, JAMES FLYNN, JOHN and JANE DOES 1-10, et al.,

                             Defendants.
-----------------------------------------------------------x

**AMENDED COMPLAINT**

Jury Demand

13 CV 3423 (CM)

        Plaintiffs EDWIN CASTRO, RANDY MEJIA, DEVIN VICTORINO (hereinafter "Plaintiffs") by and through their attorneys, Robert Blossner, Esq. and Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.    Plaintiffs bring this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiffs have duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrence of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiffs are of Dominican descent and at all times mentioned in the complaint were residents of the County of Bronx, City and State of New York.

8. Defendant James Flynn and John and Jane Does are/were members of the NYPD, acting under the color of state law and are sued in their individual, official and supervisory capacities.

## FACTS

9. On February 13, 2013, at approximately 12:30 p.m., plaintiffs were lawfully driving in the Bronx, in a vehicle belonging to plaintiff Mejia.

10. Plaintiffs' vehicle was proceeding in a lawful manner and straight on Grand Concourse and came to stop at a red-light at the intersection of the Grand Concourse and 194th Street.

11. While plaintiffs waited inside their car for the light to change to green, unmarked police cars unexpectedly pulled in front of and next to their vehicle and blocked them from going forward.

12. Other police cars also pulled up and surrounded plaintiffs' vehicles.

13. Approximately, 10-14 police officers got out of their cars with guns drawn shouting among other obscenities and epithets, "don't fucking move or I'll fucking shoot you guys."

14. Defendant Flynn and officers then yanked the plaintiffs forcibly out of their car, tightly placed handcuffs on each of them and placed them inside a police van.

15. Defendant Flynn and officers then unlawfully searched the plaintiff's Mejia's vehicle without any probable cause and found no contraband.

16. Notwithstanding the fact they found no contraband within plaintiff Mejia's vehicle, the defendant Flynn and officers transported plaintiffs to the local precinct, strip-searched them, finger-printed them and essentially processed them as criminals.

17. Plaintiffs were then placed inside a jail cell with 2 female inmates. After about 24 hours in custody, plaintiffs were taken to Court where the District Attorneys Office declined to prosecute because the plaintiffs had committed no crime.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

18. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "17" with the same force and effect as if fully set forth herein.

19. There was no probable cause for the arrest or the continued incarceration of Plaintiffs, and as such the Defendants' acts resulted in violations of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

20. As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional rights to be free from unreasonable seizure were violated and plaintiffs sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the 14th Amendment-Due Process/Malicious prosecution)

21. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiffs and were in violation of Plaintiffs'

constitutional rights under the Fourth and Fourteenth Amendments.

23. As a result of the foregoing, Plaintiffs were deprived of their liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

24. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

26. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate arrests, statistics, and additional income due to overtime hours. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiffs rights as described herein.

27. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct

and command desks routinely ratified such arrests without questioning the facts underlying same.

28. The above described policy of command acquiescence and deliberate indifference encouraged the repetition of the violation of plaintiffs' civil rights.

28. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

29. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiffs as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

30. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Defendants targeted Plaintiffs and discriminated against them by falsely accusing them of a crime because of their race and color and caused deprivation of their constitutional rights. Defendants arrested plaintiffs knowing that they had committed no crime and this was shown when they were released after 24 hours.

32. As a result of these actions, Plaintiffs suffered injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff' rights.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

35. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False imprisonment under the laws of the State of New York)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Plaintiffs were unlawfully confined, were aware of their confinement and the confinement was not privileged.

41. As a result of defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINETH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

44. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

45. The aforementioned conduct was committed by defendants while acting in

furtherance of their employment by defendant City.

46. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs.

47. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

48. As a result of these actions, Plaintiffs suffered injuries.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Abuse of Process)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

51. Defendants abused the criminal process to violate the Plaintiffs' civil rights knowing full well that she would have to endure the stigma of her arrest even after the arrest was voided.

52. As a result of defendants' actions, plaintiffs suffered injuries.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount of Five Hundred Thousand Dollars for each and every cause of action for each of the Plaintiffs against

defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 7, 2013

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*
